UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Toliver | Civil Action No. 6:14-cv-03082 |
| versus | Judge Rebecca F. Doherty |
| Chrysler Group, L.L.C.,et al | Magistrate Judge Carol B. Whitehurst |

### *SUA SPONTE* BRIEFING ORDER

Federal courts are courts of limited jurisdiction, and the burden of establishing federal-court jurisdiction rests on the party invoking the federal forum, in this case the plaintiff. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The plaintiff alleges this Court has subject-matter jurisdiction over this action because a claim was asserted under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et. seq*. No other basis of federal-court jurisdiction was alleged.

Section 2310 of the MMWA contains the provisions for remedies in consumer disputes. Subsection (d) of § 2310 contains the jurisdictional grant and paragraph (3) of that subsection provides that jurisdiction does not exist "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in [the] suit." Thus, the MMWA supports federal-court jurisdiction only if the amount in controversy exceeds $50,000 exclusive of interests and costs. 15 U.S.C. § 2310(d)(3)(B).

The undersigned reviewed the plaintiff's complaint and finds that it is not facially apparent that the amount-in-controversy requirement is satisfied. Because the amount-in-controversy requirement is jurisdictional, the court must *sua sponte* raise the issue if there is any doubt concerning subject-matter jurisdiction. *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 217 (5th Cir. 1998) ("'[the court is] obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction' ") (quoting *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). "The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional threshold]." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1263 & N. 13 (5th Cir. 1998) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Additionally, "statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction." *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1067 (5th Cir.1984).

The plaintiff alleges that he purchased a vehicle for $40,982.40, excluding finance charges. In particular, plaintiff claims "he made a down payment in the amount of $1,028.78" and "[t]he total cost of the vehicle [] including finance charges will be over $75,000.00." The plaintiff, however, does not explain how he reaches that figure except to say that his damages include "the purchase price [of the vehicle] including all collateral costs at the time of the sale, any and all finance charges,

insurance premiums, maintenance costs, repair costs, damages" as well as "Prejudgment and post-judgment interest [and] Attorney fees...." *R.1*, ¶ *IX.*

The plaintiff can only collect economic losses under the MMWA, and attorneys' fees are not included in the damages calculation since they are categorized as costs under the statute. *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1068, 1069 (5th Cir. 1984). Furthermore, in *Ward v. Tupelo Auto Sales, Ltd.*, 1998 WL 930798, at *2 (E.D. Miss. Nov. 25, 1998), the court held that it had no jurisdiction over a claim based on the purchase of an allegedly defective Dodge Ram on the basis that "the alleged consequential costs are unspecified."

In the Sixth and Seventh Circuits, the party asserting federal jurisdiction under the MMWA is required to "allege the cost of the replacement vehicle, minus both the present value of the allegedly defective vehicle and the value that the plaintiff received from the allegedly defective vehicle." *Golden v. Gorno Bros.*, 410 F.3d 879, 884 (6th Cir. 2005) (quoting *Voelker v. Porsche Cars North America, Inc.*, 353 F.3d 516, 521 (7th Cir. 2003)). In those circuits, the amount of finance charges is not included in the calculation since "the question of whether federal jurisdiction exists under the Magnuson-Moss Warranty Act should not be determined by whether a finance contract was used in purchasing an automobile. This is particularly true since

the Act provides that the amount in controversy does not include interest." *Golden v. Gorno Bros.*, 410 F.3d at 883.

Accordingly,

**IT IS ORDERED** that the plaintiff shall, not later than twenty-one (21) days after the date of the entry of this order, file a memorandum setting forth specific facts that support a finding that the amount-in-controversy exceeds $50,000 exclusive of interests and costs. These facts should be supported with summary-judgment-type evidence. The defendants will be allowed seven (7) days to respond to the plaintiff's submission.

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 22nd day of September, 2015.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE